Nicholso'N, C. J.,
delivered tbe opinion of tbe Court.
The bill in this case is filed to enforce the vendor’s lien, by the sale of the land for tbe satisfaction of an unpaid balance of the purchase money. Tbe defendant answers and admits tbe purchase, and that a portion of tbe purchase money remains due and unpaid. But be resists a decree of sale, because, as be alleges, be purchased under an agreement and witb the understanding that be was to have a conveyance in fee simple, witb covenants of general warranty, that the conveyance made to him does contain such covenants; but he insists that the title to a large portion of the land is defective, and that complainant is a non-resident, and is insolvent; and, therefore, that the land ought not to be sold to satisfy the unpaid purchase money. He prays that his answer may be taken as a cross bill, but fails to execute the bond required in such case; and for that, the Chancellor *576 properly treated it only as an answer. This Court, in like manner, can regard it only as an answer. Harrell v. Harrell, 4 Cold., 377.
No proof was made to sustain the allegations in the answer; nor could such proof have availed him, inasmuch as he failed to put himself in an attitude to obtain relief under a cross bill. The case of Hurley v. Coleman, 3 Head, 265, is conclusive of the present case. It is there held, that “no question can be made by the defendant, as to the title, in resistance of the application simply to sell the property. If any grounds exist for a controversy on that subject, they must be presented by a cross bill, or in some other mode, by the vendees.” There is, therefore, no error in the decree adjudging a sale of the land for the satisfaction of the residue of the purchase money.
But we are of opinion that the Chancellor erred in disallowing the first exception of complainant to the report of the Clerk and Master, as to the amount of the unpaid purchase money. The interest should have been calculated on the basis of partial payments. To this extent we reverse the decree, and in all other respects the same is affirmed. The cause will be remanded to the court below, for the execution of the decree, as herein indicated.